**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DARREN LEE POWELL,**

       **Plaintiff,**

  v.            CASE NO. 19-3233-SAC

**SHERIFF JACK LAURIE, et al.,**

       **Defendants.**

### NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a detainee at the Atchison County Jail (ACJ), proceeds pro se and in forma pauperis.

### Nature of the Complaint

The complaint identifies three defendants: Atchison County Sheriff Jack Laurie, Captain Travis Wright, and Detective Kelly Johanson.

In Count 1, plaintiff asserts that in December 2016, he was escorted to a booking room at the ACJ where he met with Wright and Deputy Thomas. He states he was asked why he was filing so many grievances and was told that if he took legal action against the ACJ, he would receive only the minimum opportunities during his incarceration. In January 2017, plaintiff attended a hearing on his motion for sentence modification. Although he had paid all fines and restitution and had no disciplinary history, he was denied the remedy he sought. He believes this occurred because the jail captain contacted the prosecutor and told him that plaintiff had been a behavioral problem at the ACJ.

Plaintiff claims he is now in the ACJ on false criminal charges.

In Count 2, plaintiff states that in May 2019, his wife was in downtown Atchison when defendant Wright approached her. He asked where plaintiff was, followed her on foot, and eventually reached the apartment she shared with plaintiff, where defendant Wright took her cell phone, threw it, searched her purse, and threatened to take her to jail if she failed to assist him in locating plaintiff. Defendant Johanson was present during these events.

Plaintiff seeks damages.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

**Discussion**

The Court has identified certain defects in the complaint. First, portions of Count 1 appear to be time-barred.
The limitation period for a civil rights action arising in Kansas is two years. *See Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted)(explaining that the governing two-year limitation period in Kansas is borrowed from K.S.A. § 60-513(a)). Therefore, plaintiff's claims in Count 1 concerning events in December 2016 and January 2017 are subject to dismissal.

Next, to the extent plaintiff challenges the validity of the pending criminal charges against him, his claim cannot be considered by the Court at this time. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that the federal courts should not intervene in state criminal proceedings commenced before the federal suit when the state court proceedings are ongoing, provide an adequate forum for the federal plaintiff to present his claims, and implicate important state interests. *Id*. at 43-44. These criteria are met in this case, as the criminal case remains pending, the state court provides an adequate forum for plaintiff to challenge the sufficiency of the evidence and the validity of the charges, and the resolution of criminal charges by the state judicial system is an important state interest. Therefore, the Court must abstain from considering this claim.

And, if plaintiff ultimately is convicted of the charges, he may not seek monetary damages unless his state conviction has been overturned or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). The holding in *Heck v. Humphrey* "avoids allowing

collateral attacks on criminal judgments through civil litigation." *McDonough v. Smith*, ___ U.S. ___, ___, 139 S.Ct. 2149, 2157 (2019).

Finally, in Count 2, plaintiff complains of acts by defendant Wright concerning plaintiff's wife. However, a § 1983 plaintiff may seek relief based on the violation of the plaintiff's personal rights but not the rights of another. *Dohaish v. Tooley*, 670 F.2d 934, 936 (10th Cir.)("[T]he § 1983 civil rights action is a personal suit. It does not accrue to a relative, even the father of the deceased."), *cert. denied*, 459 U.S. 826 (1982). Therefore, this claim also is subject to dismissal.

### The motion to appoint counsel

Plaintiff moves for the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."

*Rucks*, 57 F.3d at 979. Having conducted an initial screening of this matter, the Court concludes the appointment of counsel is not warranted in this case. The motion will be denied.

### Order to Show Cause

For the reasons set forth, the Court directs plaintiff to show cause why this matter should not be dismissed. Plaintiff shall respond in writing on or before **July 7, 2020.**

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **July 7, 2020,** plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 4) is denied.

**IT IS SO ORDERED.**

DATED:  This 5th day of June, 2020, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge